# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| **SHYLA WOLF,**<br>　　　　　　**Plaintiff,**<br><br>**vs.**<br><br>**KYLE HOWE, individually and in his official capacity as a law enforcement officer for the Toledo Police Department; CITY OF TOLEDO, IOWA.**<br>　　　　　　**Defendants.** | **Case No.**<br><br>**COMPLAINT AND JURY DEMAND** |

**COMES NOW,** the Plaintiff, Shyla Wolf, by and through her undersigned counsel, and for her causes of action, state as follows:

## PARTIES

1.      Shyla Wolf (hereinafter "Shyla" or "Plaintiff") is a United States citizen and was a resident of Tama, Tama County, Iowa at all times relevant to the events complained of herein.

2.      Defendant Officer Kyle Howe (hereinafter "Officer Howe") is believed to be a citizen and resident of Iowa and was employed as a Police Officer for the Toledo Police Department at all times relevant to the events complained of herein.

3.      Defendant City of Toledo, Iowa (hereinafter "Toledo") is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 1007 South Prospect Drive, Toledo, Iowa 52342.  Defendant Toledo is responsible for

maintaining and operating the Toledo Police Department.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

5. The supplemental jurisdiction of this Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

6. All events and actions referenced in Complaint occurred in the Northern District of Iowa, therefore venue is proper under 28 U.S.C § 1391(b)(2).

## FACTUAL BACKGROUND

7. On March 30, 2023, at approximately 6:15 p.m., Toledo police officer Kyle Howe stopped Shyla Wolf, who was driving with her three small children.

8. Officer Howe was wearing a functioning body camera at the beginning of the interaction with Shyla.

9. According to Officer Howe, he knew she had a barred license. (Howe body camera video 0:13).

10. After explaining that he was going to arrest her for driving while barred, Officer Howe allowed her to call someone to come and get her three young children. (Howe body camera video 1:13 – 1:46).

11. Shyla began making the phone call while standing behind her car and in front of Officer Howe's car. (Howe body camera video 1:54)

12. While on the phone Shyla asked Officer Howe why he harasses her. (Howe body camera video 1:57).

13. In Officer Howe's police report he writes, "Shyla began to accuse me of

harassing her, I directed Shyla to place her hands behind her back because she was being placed into custody for driving while barred." (Ex. 1, attached as though fully incorporated herein).

14. The body cam of Officer Howe shows that Shyla asked Officer Howe, "Why do you harass me?"

15. At that point, Officer Howe did not direct Shyla to place her hands behind her back; instead, Officer Howe said, "O.K. you're done," and grabbed her hand and forced her head onto his car hood. (Howe body camera video 1:59).

16. Shyla said, "I'm just asking." And, "What are you doing?" (Howe body camera video 2:00).

17. At this point Officer Howe said "Put your hands behind your back." (Howe body camera video 2:02).

18. During the assault, Officer Howe's body camera fell off, but continued to run. (Howe body camera video 2:04).

19. You can hear Officer Howe telling Shyla to "Stop resisting." (Howe body camera video 2:07)

20. Shyla can be heard yelling for her son. (Howe body camera video 2:12)

21. Officer Howe responds, "Stop fighting or you're going to get tased." (Howe body camera video 2:21).

22. Shyla says, "I'm not doing anything." (Howe body camera video 2:23).

23. Officer Howe repeats, "Stop fighting or you're going to get tased." (Howe body camera video 2:24).

24.     Shyla pleads for her son to get his phone out and record the attack. (Howe body camera video 2:26 and 2:46).

25.     Officer Howe accuses Shyla of "fighting" him as the children can be heard screaming in the background. (Howe body camera video 2:29).

26.     Officer Howe says, "This is what happens when you fight me." (Howe body camera video 2:47).

27.     Shyla immediately says, "I didn't fight you," (Howe body camera video 2:48).

28.     Officer Howe says, "Yes you did," as the children are loudly screaming in the background. (Howe body camera video 2:51 through 3:00).

29.     A short time later, two Meskwaki Nation police officers arrive and he says to them, "Alright we gotta figure out what's going on with these kids, she was trying to get them involved to fight me.  And then she decided she was going to fight me." (Howe body camera video 4:35).

30.     When Chief Dan Quigley of the Toledo Police Department arrived on scene, Shyla immediately told him she wanted to talk to him because she did not feel safe with Officer Howe. (Howe body camera video 5:10).

31.     Chief Quigley turns and winks at Officer howe, who walks away. (Howe body camera video 5:23).

32.     In completing the paperwork of the arrest of Shyla, Officer Howe charged Shyla with three counts of child neglect, three class "C" felonies, and requested a No Contact Order keeping Shyla away from her children. (Exhibits 2, 3, and 4, incorporated

as thought fully herein).

33.    The Complaints say "Defendant placed child[ren] in a hazardous situation by refusing to comply with a lawful order to place hands behind her back to be placed into custody for driving while barred.  Defendant was yelling for the kids to exit the vehicle and for them to begin recording the interference." (See Exhibits 1, 2, and 3)

34.    Shyla was never asked to put her hands behind her back before being attacked by Officer Howe.

35.    Shyla never asked her children to exit the vehicle, which was the basis for charging the three class "C" felonies.

36.    Officer Howe fabricated facts to justify his use of force against Shyla Wolf.

37.    Officer Howe's use of force was excessive, as Shyla was not aggressive or resisting arrest.

38.    Shyla Wolf sustained injuries and bruising.

39.    Because of Howe's violent conduct, Shyla suffered tenderness and soreness with a limited range of motion.

40.    Because of her arrest and subsequent prosecution, Shyla endured mental and emotional distress, from which she continues to suffer. She also suffers from, and will continue to suffer from, past and future physical injuries, loss of use and function of the mind and body.

41.    Shyla has been forced to incur expenses in defending herself against the criminal charges to clear her name.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Arrest without Probable Cause*
### *(Against Kyle Howe, individually)*

42.     Plaintiff repleads paragraphs one (1) through forty-one (41) as if fully set forth herein.

43.     Defendant Officer Howe is a person for the purposes of a Section 1983 action for damages.

44.     At all times material hereto, Officer Howe's actions and/or omissions were made under the color of authority and law as an officer for the Toledo Police Department.

45.     By charging Shyla with crimes where probable cause did not exist, by filing a criminal complaint, on or about March 30, 2023 (FECR017380 in Tama County District Court), Officer Howe violated Shyla's clearly established constitutional rights, to wit: by arresting Shyla without probable cause to believe a felony criminal offense had been committed.

46.     Based upon the facts known to Officer Howe, no reasonable officer could believe probable cause existed to arrest Shyla for three felony counts of neglect of a dependent person.

47.     Officer Howe violated Shyla's Fourth and/or Fourteenth Amendment Right to the United States Constitution to be free from unlawful arrest.

48.     Officer Howe demonstrated a deliberate indifference to and/or reckless disregard of Shyla's civil and constitutional rights by his unlawful arrest of Shyla.

49.     Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Shyla's civil rights, justifying an award of punitive damages.

50.     As a direct and proximate result of Officer Howe's illegal and unjustified conduct, Shyla was injured and is entitled to recover for what she has suffered in the past and will suffer in the future, including:

a.      Deprivation of her constitutional rights;

b.      Humiliation, degradation, past and future emotional distress, and past and present loss of function of mind and body;

c.      Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

d.      Punitive damages;

e.      All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.      Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE,** the Plaintiff, Shyla Wolf, prays for Judgment against Defendant, Officer Howe, as follows:

a.      Compensation for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.      Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

c.      Punitive damages; and,

d.   Such relief as the Court deems just and equitable.

### COUNT II
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Excessive Force*
### *(Against Kyle Howe, individually)*

51.   Plaintiff repleads paragraphs one (1) through fifty (50) as if fully set forth herein.

52.   Defendant Kyle Howe is a person for the purposes of a Section 1983 action for damages.

53.   At all times material hereto, Officer Howe's actions and/or omissions were made under the color of authority and law as an officer for the Toledo Police Department.

54.   On or about March 30, 2023, Officer Howe violated Plaintiff's clearly established constitutional rights, to wit: by using excessive force in the arrest of Plaintiff.

55.   Officer Howe violated Shyla's Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from excessive force.

56.   The use of force Officer Howe employed while confronting Shyla was excessive, unreasonable, and unnecessary under the circumstances.

57.   Officer Howe demonstrated a deliberate indifference to and/or reckless disregard of Shyla's civil and constitutional rights by his use of force against her.

58.   Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Shyla's civil rights, justifying an award of punitive damages.

59.   As a direct and proximate result of Officer Howe's

illegal and unjustified conduct, Shyla was injured and is entitled to recover for what she

has suffered in the past and will suffer in the future suffer, including:

a.  Deprivation of her constitutional rights;

b.  Humiliation, degradation, past and future emotional distress, and past and present loss of function of mind and body;

c.  Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

d.  Punitive damages;

e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C.§1988.

**WHEREFORE,** the Plaintiff, Shyla Wolf, prays for Judgment against the Defendant,

Officer Howe, as follows:

a.  Compensation for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

c.  Punitive damages; and,

d.  Such relief as the Court deems just and equitable.

## COUNT III
### FALSE ARREST
*(Against Kyle Howe, individually and in his official capacity)*

60.  Plaintiff repleads paragraphs one (1) through fifty-nine (59) as if fully set

forth herein.

61. On March 30, 2023, Shyla Wolf was detained and restrained against her will.

62. Shyla's detention and restraint was effectuated by Officer Howe.

63. The detention and restraint by Officer Howe was a cause of Shyla's damages, including incurring attorney fees and costs associated with defending against the criminal charge.

64. Officer Howe's felony detention and restraint of Shyla was without probable cause.

65. Based upon the facts known to Officer Howe, no reasonable officer could believe probable cause existed to arrest Shyla for three felonious neglect of a dependent charges.

66. Officer Howe acted with malice in the detention and restraint of Shyla.

67. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Shyla's rights and reputation, justifying an award of punitive damages.

68. Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Shyla Wolf, respectfully requests judgment against Defendant, Officer Howe, in an amount which will fully and fairly compensate for her mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT IV
### BATTERY
### *(Against Kyle Howe, individually and in his official capacity)*

69.     Plaintiff repleads paragraphs one (1) through sixty-eight (68) as if fully set forth herein.

70.     Officer Howe grabbed Shyla by her arm and threw her onto the hood of his police car and onto the ground causing significant bruising on her body.

71.     The acts were done with the intent to cause physical pain or injury.

72.     The acts of Officer Howe resulted in physical pain and injury, as well as insulting or offensive bodily contact.

73.     The acts of Officer Howe were a cause of Shyla's damages.

74.     Officer Howe acted with malice toward Shyla.

75.     Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Shyla's rights and reputation, justifying an award of punitive damages.

76.     Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Shyla Wolf, respectfully requests judgment against Defendant, Officer Howe, in an amount which will fully and fairly compensate Shyla for her physical, mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT V
## ASSAULT
### *(Against Kyle Howe, individually and in his official capacity)*

77.    Plaintiff repleads paragraphs one (1) through seventy-six (76) as if fully set forth herein.

78.    Officer Howe grabbed Shyla by her arm and threw her onto the hood of his police car and onto the ground causing significant bruising on her body.

79.    The acts were done with the intent to cause Shyla to fear physical pain or injury.

80.    Shyla reasonably believes that the act causing physical pain or injury would be carried out immediately.

81.    The acts of Officer Howe were a cause of Shyla's damages.

82.    Officer Howe acted with malice toward Shyla.

83.    Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Shyla's rights and reputation, justifying an award of punitive damages.

84.    Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendant's behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Shyla Wolf, respectfully requests judgment against Defendant, Officer Howe, in an amount which will fully and fairly compensate Shyla for her physical, mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT VI
## ABUSE OF PROCESS
### *(Against Officer Howe, individually and in his official capacity)*

85.     Plaintiff repleads paragraphs one (1) through eighty-four (84) as if fully set forth herein.

86.     On or about March 30, 2023, Defendant, Officer Howe, intentionally used the criminal legal process against Shyla by preparing and filing criminal complaint against Shyla.

87.     Officer Howe used the criminal legal process against Shyla in an effort to avoid civil liability against him for having asserted her rights under the United States and Iowa Constitutions, and due to Officer Howe having used excessive force against her.

88.     Officer Howe's use of the legal process for the improper purpose was a cause of Shyla's damages including incurring attorney fees and costs associated with defending against the criminal charge.

89.     Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Shyla's rights and reputation, justifying an award of punitive damages.

90.     Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Shyla Wolf, respectfully requests judgment against Defendant, Officer Howe, in an amount which will fully and fairly compensate Shyla for her mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just

under the circumstances.

## COUNT VII
## NEGLIGENT SUPERVISION AND TRAINING
### *(Against Defendant City of Toledo)*

91.     Plaintiff repleads paragraphs one (1) through ninety (90) as if fully set forth herein.

92.     Defendant, City of Toledo, was the employer of Officer Howe.

93.     As the employer, Defendant has a duty to exercise reasonable care in the hiring, retention and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

94.     Defendant breached its duty in the negligent and reckless supervision and training of Officer Howe as it relates to his making false arrests, initiating malicious prosecutions, abusing the legal process, committing assault and/or battery.

95.     Defendant knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Officer Howe.

96.     The incompetence, unfitness, and dangerous characteristics of Officer Howe was a cause of damage to Plaintiff.

97.     This Defendants negligence was a proximate cause of Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, Shyla Wolf, respectfully requests judgment against City of Toledo, Iowa in an amount which will fully and fairly compensate her for her mental and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT VIII
## RESPONDEAT SUPERIOR
### *(Against Defendant City of Toledo)*

98.     Plaintiff repleads paragraphs one (1) through ninety-eight (98) as if fully set forth herein.

99.     At all times material hereto, an employer-employee relationship existed between City of Toledo, Iowa, as the employer, and Officer Howe as the employee.

100.    At all times material hereto Officer Howe was acting within the scope of his employment with City of Toledo.

101.    Under the doctrine of respondeat superior, City of Toledo is liable for the aforementioned conduct and/or omissions of Officer Howe.

102.    As a result of the conduct and/or omissions of Defendant, Plaintiff sustained damages and injuries as previously set forth in this Petition.

**WHEREFORE**, the Plaintiff, Shyla Wolf, respectfully requests judgment against Defendant, City of Toledo, in an amount which will fully and fairly compensate for her mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT XI
## Violation of Substantive Due Process
### *(Against Defendant's Officer Howe, individually and in his official capacity)*

103.    Plaintiff repleads paragraphs one (1) through one hundred two (102) as if

fully set forth herein.

104.    Defendants misconduct alleged above was outrageous and shocking to the conscience, in violation of Plaintiff's substantive due process right to personal security as guaranteed by the 14th Amendment of the United States Constitution.

105.    Defendant intentionally and recklessly failed to investigate before filing criminal complaints against Plaintiff.

106.    Defendants misconduct directly and proximately caused Plaintiff to suffer injury, including shock, extreme emotional distress, and humiliation.

**WHEREFORE**, the Plaintiff, Shyla Wolf, respectfully requests judgment against Defendant, Officer Howe, in an amount which will fully and fairly compensate for her mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT XII
### Negligence
### *(Against All Defendants)*

107.    Plaintiff repleads paragraphs one (1) through one hundred six (106) as if fully set forth herein.

108.    Defendants' acts, omissions, and misconduct alleged in this Complaint constituted a breach of their duty Plaintiffs to avoid causing the harm alleged and avoid and prevent violation of Plaintiff's constitutional, statutory, and common law rights.

109.    The breach was a substantial factor in causing the injuries and damages suffered by Plaintiff as alleged.

**WHEREFORE**, the Plaintiff, Shyla Wolf, respectfully requests judgment against Defendants, Officer Howe and City of Toledo, Iowa, in an amount which will fully and fairly compensate Shyla for her physical, mental, and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

BY: __/s/ Chad R. Frese_____
Chad R. Frese AT0002704
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa 50158
Phone: (641) 753-5549
Fax: (641) 753-0962
Email: chad@kaplanfrese.com
ATTORNEYS FOR DEFENDANT


By: /s/ Taylor Reichardt
Taylor Reichardt AT0014120
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa  50158
Phone: (641) 753-5549
Fax: (641) 753-0962
Email: taylor@kaplanfrese.com
ATTORNEYS FOR DEFENDANT